# United States District Court
## SOUTHERN DISTRICT OF CALIFORNIA FILED

### NOTICE OF DOCUMENT DISCREPANCIES 2014 AUG 27 AM 8:07

TO: ☒ U.S. DISTRICT JUDGE /   ☐ U.S. MAGISTRATE JUDGE    Michael M. Anello CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA BY DG

FROM: SKHoestenbach _____ , Deputy Clerk    RECEIVED DATE: Aug 22, 2014 DEPUTY

CASE NO. 11cr1404 MMA _____    DOCUMENT FILED BY: Belinda Johnson

CASE TITLE: USA v. Johnson _____

DOCUMENT ENTITLED: Letter to Judge Anello _____

Upon the submission of the attached document(s), the following discrepancies are noted:

| | LOCAL RULE | DISCREPANCY |
|---|---|---|
| ☐ | 5.1 | Missing time and date on motion and/or supporting documentation |
| ☐ | 5.3 | Document illegible or submitted on thermal facsimile paper |
| ☐ | 5.4 | **Document not filed electronically.  Notice of Noncompliance already issued.** |
| ☐ | 7.1 or 47.1 | Date noticed for hearing not in compliance with rules/Documents(s) are not timely |
| ☐ | 7.1 or 47.1 | Lacking memorandum of points and authorities in support as a separate document |
| ☐ | 7.1 or 47.1 | Briefs or memorandum exceed length restrictions |
| ☐ | 7.1 | Missing table of contents |
| ☐ | 15.1 | Amended pleading not complete in itself |
| ☐ | 30.1 | Depositions not accepted absent a court order |
| ☐ | | Supplemental documents require court order |
| ☐ | | Default judgment in sum certain includes calculated interest |
| ☒ | OTHER: | L.R. 83.9, ex parte communication prohibited . *Please see attached publication from the U.S. Sentencing Commission, which addresses several issues relevant to your request.* |

Date Forwarded: Aug 25, 2014

### ORDER OF THE JUDGE / MAGISTRATE JUDGE

**IT IS HEREBY ORDERED:**

| | |
|---|---|
| ☐ | The document is to be filed nunc pro tunc to date received. |
| ☒ | The document is NOT to be filed, but instead REJECTED, and it is ORDERED that the Clerk serve a copy of this order on all parties. |

Rejected document to be returned to pro se or inmate?  ☒ Yes.    Court copy retained by chambers  ☐

Any further failure to comply with the Local Rules may lead to penalties pursuant to Civil Local Rule 83.1.

Dated: 8/26/2014    CHAMBERS OF: Michael M. Anello    Michael M. Anello

cc: All Parties    By: ___    U.S. District Judge

TRULINCS 25060298 - JOHNSON, BELINDA - Unit: DUB-J-A

-----------------------------------------------------------------------------------------------

FROM: 25060298
TO:
SUBJECT:                        **REJECTED**
DATE: 08/13/2014 09:52:20 AM

To:            Judge Anello

From:          Belinda Johnson
               #25060-298
               Satellite Prison Camp Dublin
               5675-8th Street
               Dublin, CA 94568

I am writing you in reference to the new law (the all Drugs-2 Law) that is set to take effect on November 1, 2014. I received a sentence of 10 years which I have currently served 3 1/2 years. I am eligible for RDAP which will assist in my sentence reduction but this new law will reduce my original sentence which should allow me to be release earlier.

I am requesting that you assign me a public defender because I am unable to locate my previous public defender as he is no longer in the San Diego area. I am currently located in the Dublin CA Satellite Prison Camp.

During my stay here I have received my forklift license, certified to fill propane tanks, apprenticeship for housekeeping, completed GOGI Certificate and I am currently enrolled in computer courses. These accomplishments will help me gain employment once I am able to go to a halfway house.

Thank you for assisting me with this request.

Sincerely,
*Belinda Johnson*
Belinda Johnson
#25060-298
Docket # 11CR1404-MMA



# Frequently Asked Questions:
# Retroactive Application of the 2014 Drug Guidelines Amendment

## Background Information

On April 30, 2014, the United States Sentencing Commission submitted to Congress an amendment to the federal sentencing guidelines that reduces the guidelines applicable to drug trafficking offenses. Specifically, this amendment **reduces by two the offense levels assigned in the Drug Quantity Table**, resulting in lower guideline ranges for most drug trafficking offenses. This amendment is sometimes called "drugs minus two" or the "2014 drug guidelines amendment."

The proposed amendment will go into effect on November 1, 2014, unless Congress acts to modify or reject it. On July 18, 2014, the Commission voted to give retroactive effect to the proposed amendment. If Congress lets the amendment stand, **beginning November 1, 2014, eligible incarcerated offenders will be able to ask courts to reduce their sentences. Offenders whose requests are granted by the courts will be released from prison no earlier than November 1, 2015.**

*The Commission does not comment on individual cases, nor can it provide legal advice. The following information is provided in order to answer many basic questions that individuals may have about retroactivity, but is not legal advice.*

## Questions and Answers

**What does it mean to make an amendment retroactive?**

> When the Commission amends the sentencing guidelines in a way that reduces sentencing ranges, it must consider whether to make that change applicable to people who have already been sentenced and are currently imprisoned. In this instance, the Commission has reduced the sentencing range for most, but not all, offenders sentenced under guideline §2D1.1 for drug trafficking. The Commission has determined that some offenders who have already been sentenced – and are currently serving prison sentences – are eligible to apply for retroactive application of the new guideline range. If an offender is eligible, a district judge will decide whether to reduce the offender's current sentence.

**Who is eligible for retroactive application?**

> The amended guideline applies to most drug offenders convicted of drug trafficking offenses and sentenced under §2D1.1. There are no eligibility limitations based on criminal history, violence, weapons, or type of drug trafficked, but these are factors a court may consider in determining whether to grant a sentence reduction. Offenders who were sentenced as Career Offenders, Armed Career Criminals, or under other guidelines

1

are unlikely to be eligible for retroactive application of the 2014 drug amendment. <u>Those offenders who are already scheduled to be released before November 1, 2015 will not be able to receive a reduction in their sentences.</u>

**How many offenders are eligible for the reduction?**

The Commission estimates that approximately 46,000 offenders sentenced between October 1, 1991 and October 31, 2014, are eligible to seek a reduction in their current sentence pursuant to retroactivity of the 2014 drug guideline amendment.

**Where were the offenders who are eligible to seek a reduced sentence originally sentenced?**

There will be eligible offenders who were sentenced in every district in the country, but there is a higher concentration in certain districts, including Western Texas, Southern Texas, Puerto Rico, Eastern Texas, Middle Florida, and Northern Texas.

**Will all offenders who have been convicted of a federal drug offense automatically receive a reduction?**

<u>No one will automatically receive a sentence reduction.</u> In order to be eligible for a sentence reduction, an offender must be serving a term of imprisonment, the guideline range applicable to the offender must have been lowered as a result of the 2014 drug amendment, and the offender must not already be scheduled to be released prior to November 1, 2015. If an offender's original sentence was below the new, reduced guideline, the offender likely will not be not entitled to a further reduction unless the original sentence was based on assistance to the government. <u>If an offender is eligible for a reduction, a district court judge will review his or her case and decide whether a sentence reduction is appropriate.</u>

**What does the judge consider when deciding whether to grant a sentencing reduction?**

The judge will consider all of the factors that a judge considers at an initial sentencing in determining whether a reduction in the defendant's term of imprisonment is warranted and the extent of any reduction. This means factors like the nature and circumstances of the offense, the characteristics of the offender, public safety, deterrence, and the sentencing guidelines will all be considered. In a judge's review of a motion for a reduction, there will likely be explicit attention to public safety, and this analysis will likely also include review of the offender's record while in prison.

<u>Offenders requesting a sentencing reduction do not have a right to a hearing.</u> Many requests will be resolved based on the written materials that are filed.

**How do I make a motion for a reduction?**

If the 2014 drug amendment and its retroactive application go into effect, judges may consider these motions beginning November 1, 2014. The Commission does not

2

comment on individual cases nor can it provide legal advice.  For legal advice on how to file a motion for a sentence reduction, you may wish to contact an attorney.

**What is the projected average reduction in sentence for eligible offenders?**

The Commission projects judges would be able to reduce sentences for eligible offenders by an average of 18.8%.  The average sentence for eligible offenders could drop from 133 months (11 years 1 months) to 108 months (9 years).

**Are there any limitations on the extent of the sentencing reduction a court can grant if an offender is eligible for a reduction?**

Yes.  The court is not permitted to reduce the offender's term of imprisonment to a term that is less than the bottom of the guideline range that would have applied if the 2014 drug amendment were in effect when the offender was sentenced.  The only exception is if the offender received a downward departure pursuant to a government motion based on substantial assistance provided by the offender to the government.  Courts are not otherwise entitled to sentence below the reduced guideline range.

**Does retroactive application of the 2014 drug amendment reduce the mandatory minimum penalties associated with drug offenses?**

No.  Only Congress can change mandatory minimum penalties.  The drug amendment adheres to all mandatory minimum penalties.

**Is public safety a consideration in the determination as to whether a reduction in the offender's term of imprisonment is warranted and the extent of such a reduction?**

Yes.  The sentencing guidelines require the court to consider the nature and seriousness of the danger to any person or the community that may be posed by a reduction in the offender's term of imprisonment.  Courts can consider an offender's prison record.

**What happens to the people who could be released between November 1, 2014 and November 1, 2015?**

The Commission has determined that no offenders will be released based on retroactive application of the 2014 drug amendment prior to November 1, 2015.  They made this decision in order to allow for careful consideration by courts, transitional services for all released prisoners including transition through a halfway house or home confinement where appropriate, and preparation by probation officers to effectively supervise released offenders – all of which will promote public safety and successful reentry.  This means that some offenders who would otherwise be eligible (almost 5,000) but who are already scheduled to be released before November 1, 2015, will not be able to seek a reduction and will instead be released after serving their full sentences.

3

**Is retroactivity of the 2014 drug amendment different from clemency?**

Yes. Granting clemency is a power of the President and is entirely at the discretion of the executive branch. The Sentencing Commission, an agency of the judicial branch of the federal government, does not have a role in the clemency process.

OAKLAND CA 945

20 AUG 2014 PM6 L

Belinda Johnson # 25060-298
Satellite Prison Camp Dublin
5675 8th Street - Camp Parks
Dublin, Ca 94568

⇔ 25060-298 ⇔
Judge Anello
CA So. District Court - Clerk Office
333 Broadway
Suite 420
SAN Diego, CA 92101
United States

92101380620

