# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                  Plaintiff,<br><br>  vs.<br><br>BELINDA JOHNSON (1),<br><br>                  Defendant. | Case No.: 11cr1404-MMA-1<br><br>**ORDER DENYING DEFENDANT'S MOTION FOR REDUCTION OF SENTENCE**<br><br>[Doc. No. 50] |

On May 5, 2011, Defendant Belinda Johnson pleaded guilty to importing approximately 27.80 kilograms of methamphetamine, in violation of Title 21, United States Code, sections 952 and 960. *See* Doc. No. 26. The Court sentenced Defendant to a mandatory minimum term of 120 months imprisonment. *See* Doc. No. 45. Defendant, proceeding *pro se*, now moves for a reduction of her term of imprisonment pursuant to Title 18, section 3582(c), based on Amendment 782 to the United States Sentencing Guidelines. *See* Doc. No. 50. For the reasons set forth below, the Court **DENIES** the motion.

## DISCUSSION

Amendment 782 to the United States Sentencing Guidelines ("USSG"), which became effective November 1, 2014, lowered the penalties for certain drug offenses by reducing most base offense levels contained in the USSG § 2D1.1 Drug Quantity table by two levels, and making other related adjustments to this

Guideline. Along with Amendment 782, the Sentencing Commission adopted Amendment 788, which decreed that Amendment 782 may be applied retroactively to lower the sentences of previously sentenced inmates. Citing Amendment 782, Defendant moves for a reduction of her sentence pursuant to Title 18, section 3582(c)(2).

A district court may reduce the sentence of a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). However, a reduction is not authorized under section 3582(c)(2) if the change to the Sentencing Guidelines "does not have the effect of lowering the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." USSG Manual § 1B1.10(a)(2)(B) & cmt. n.1(A); *United States v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009) ("Paulk is not entitled to a reduction because his sentence was not based on a sentencing range that has subsequently been lowered by the Sentencing Commission, but rather was based on the statutory mandatory minimum under 21 U.S.C. § 841. This mandatory minimum was not affected by the change in the [drug] equivalency tables.") (internal citations and quotations omitted).

Pursuant to Title 21, section 960(b), an individual who "knowingly or intentionally imports or exports" 50 grams or more of methamphetamine "shall be sentenced to a term of imprisonment of not less than 10 years." In this case, Defendant pleaded guilty to importing more than 25 kilograms of cocaine and was subject to a 120 month sentence. 21 U.S.C. § 960(b)(1)(H); s*ee* USSG Manual § 5G1.1(b) ("Where a statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence."). As such, the Court lacks the authority

to reduce Defendant's sentence, as it was based on a statutory mandatory minimum – not the Sentencing Guidelines. *Paulk*, 569 F.3d at 1094.

## Conclusion

Based on the foregoing, the Court **DENIES** Defendant's motion for a sentence reduction.

**IT IS SO ORDERED**.

Dated: July 29, 2015

Hon. Michael M. Anello
United States District Judge